AMY J. LAURENDEAU (S.B. #198321)
alaurendeau@omm.com
GABE CASTILLO LAUGHTON (S.B. #342581)
gcastillolaughton@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

KELSEY M. LARSON (S.B. #267982)
klarson@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA  90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendant
*Epson America, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC OFFICE SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EPSON AMERICA, INC.,<br><br>Defendant. | Case No. 8:24-cv-00351-KK-DFM<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Hearing Date:  February 13, 2025<br>Time:  9:30 a.m.<br>Place:  George E. Brown, Jr. United States Courthouse, 3470 12th Street, 3rd Floor, Courtroom 3, Riverside, CA 92501<br>Judge:  Hon. Kenly Kiya Kato |

DEFENDANT'S MEMO OF POINTS & AUTHORITIES ISO MTD TAC
CASE NO. 8:24-CV-00351-KK-DFM

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................5

II.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND........5

    A.    Epic's Prior Complaints. ............................................................5

    B.    The Court's Order Dismissing the Second Amended Complaint..........6

    C.    Epic's Third Amended Complaint. ..............................................7

III.  LEGAL STANDARD ...........................................................................7

IV.   ARGUMENT .......................................................................................8

    A.    Epic Fails To State A UCL Claim Because It Has Not Shown It Lacks An Adequate Legal Remedy. ...........................................8

    B.    Further Amendment Would Be Futile. ......................................10

V.    CONCLUSION ..................................................................................10

DEFENDANT'S MEMO OF POINTS &
AUTHORITIES ISO MTD TAC
CASE NO. 8:24-CV-00351-KK-DFM

# TABLE OF AUTHORITIES

**Page**

## CASES

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................... 7

*Dotson v. Arizona Beverages USA LLC*,
2022 WL 17886015 (C.D. Cal. June 27, 2022) ........................................... 9

*Elizabeth M. Byrnes, Inc. v. Fountainhead Com. Cap., LLC*,
2021 WL 5507225 (C.D. Cal. Nov. 24, 2021) ............................................. 9

*Garcia v. Williams Scotsman*,
2024 WL 3811267 (C.D. Cal. Aug. 13, 2024) ......................................... 9, 10

*Gibson v. Jaguar Land Rover N.A., LLC*,
2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) .............................................. 8

*Hanna v. Walmart Inc.*,
2020 WL 7345680 (C.D. Cal. Nov. 4, 2020) ............................................... 9

*Ibarra v. Pharmagenics LLC*,
660 F. Supp. 3d 914 (C.D. Cal. 2023) ..................................................... 7, 8

*Kwan v. SanMedica Int'l*,
854 F.3d 1088 (9th Cir. 2017) .................................................................... 7

*Lisner v. Sparc Grp. LLC*,
2021 WL 6284158 (C.D. Cal. Dec. 29, 2021) ............................................. 9

*Mort v. U.S.*,
86 F.3d 890 (9th Cir. 1996) ........................................................................ 8

*Seale v. GSK Consumer Health, Inc.*,
718 F. Supp. 3d 1208 (C.D. Cal. 2024) ..................................................... 10

*Silva v. Money Network Fin., LLC*,
2024 WL 2107722 (C.D. Cal. Apr. 1, 2024) ............................................. 10

*Smith v. United Seating and Mobility L.L.C.*,
2024 WL 4441082 (C.D. Cal. Sept. 11, 2024) ........................................... 8

*Sonner v. Premiere Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) ...................................................................... 8

DEFENDANT'S MEMO OF POINTS &
AUTHORITIES ISO MTD TAC
CASE NO. 8:24-CV-00351-KK-DFM

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Telesaurus VPC, LLC v. Power*,
   623 F.3d 998 (9th Cir. 2010) ......................................................................................... 10

DEFENDANT'S MEMO OF POINTS &
AUTHORITIES ISO MTD TAC
CASE NO. 8:24-CV-00351-KK-DFM

## I.      INTRODUCTION

Epic Office Solutions, LLC *still* has not adequately pled its Unfair Competition Law claims in its Third Amended Complaint.[1]  As in its prior pleadings, Epic bases its claims on allegations that Epson America, Inc. misrepresented the ink cartridge page yields, maintenance box yields, and costs per page for various machines that Epic purchased from Epson pursuant to a Direct Reseller Agreement.  According to Epic, it reasonably relied on Epson's alleged misrepresentations and, as a result, suffered "extraordinary financial losses."  Although the Direct Reseller Agreement makes clear that cannot be, Epic alleges causes of action for common law fraud and fraudulent and unfair conduct under the UCL.

This Court previously dismissed Epic's UCL claims because Epic sought only money damages.  *See* Order Granting Defendant's Motion to Dismiss Epic's Second Amended Complaint ("Order"), Dkt. 54 at 7-9.  While Epic now also seeks restitution in addition to "damages for the serious and financial harm Epson caused to its business," and makes the conclusory assertion that it "has no adequate legal remedy," Epic's UCL claims still fall short.  Epic does not allege a single fact explaining, or even suggesting, why the *millions* of dollars in money damages it seeks for its fraud claim would not sufficiently remedy the injuries—all of which are purely economic in nature—underlying Epic's UCL claims.  Courts in this Circuit routinely dismiss UCL claims at the pleading stage in similar circumstances and the Court should likewise do so here.

Epic has had ample opportunity, but still fails, to plead viable UCL claims. The Court should now dismiss Epic's UCL claims with prejudice.

## II.     FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

### A.      Epic's Prior Complaints.

Epic originally filed its complaint in the Southern District of New York, but

---

[1] Epic's Third Amended Complaint is incorrectly titled "Second Amended Complaint."  *See* Dkt. 55.

voluntarily dismissed its complaint after Epson challenged Epic's claims, including on the basis that the Direct Reseller Agreement establishes venue in this District. *See* Case No. 1:23-cv-11179, Dkt. 1, 9, 13 (S.D.N.Y. Dec. 26, 2023). Epic then filed in this District. In response to Epson's first motion to dismiss, Epic filed a First Amended Complaint ("FAC"), asserting claims for fraud, negligent misrepresentation, and violations of California's UCL and False Advertising Law, all based on Epson's alleged misrepresentation of ink yields, maintenance box yields, and costs per page ("CPP") for the Epson machines that Epic purchased. Dkt. 20 ¶ 1. Epic pointed to alleged statements by Epson employees, and representations in the Consumables List, the Impression Solutions Projections, and the official Epson specification sheets, among others. *Id.* ¶¶ 16, 23, 26, 29, 31. Epson moved to dismiss the FAC, which the Court granted in its entirety on September 23, 2024. Dkt. 42 at 10.

Epic then filed a Second Amended Complaint ("SAC"). Dkt. 43. Epic based its SAC only on the alleged misrepresentations by Epson in the Consumables List and the Impression Solutions Projections concerning ink yields, maintenance box yields, and CPP for the Epson machines that Epic purchased. *Id.* ¶¶ 1, 16, 37. Epic re-asserted its fraud and UCL claims and sought to recover only its alleged lost market share through its UCL claims. *Id.* ¶ 97. In support of its UCL claims, Epic alleged that it lacked an adequate legal remedy because its claimed injuries were not easily quantifiable; Epic was a new business that had experienced sharp business growth before Epson's alleged misrepresentations supposedly caused it to lose considerable market share. *Id.*

**B.     The Court's Order Dismissing the Second Amended Complaint.**

Epson moved to dismiss the SAC. Dkt. 46. On December 6, 2024, the Court dismissed Epic's UCL claims. *See* Order at 9. Because Epic's UCL claims sought neither restitution nor injunctive relief, seeking to recover only loss of market share damages instead, the Court held that Epic failed to plead a cognizable equitable

6

remedy under the UCL. *Id.* at 7-9 ("Plaintiff still fails to state a UCL claim upon which relief can be granted because the relief Plaintiff seeks, compensation for the loss of considerable market share, is not cognizable under the UCL. Notably, Plaintiff does not request restitution or injunctive relief in the prayer for relief.") (cleaned up). The Court granted Epic leave to amend its UCL claims. *Id.* at 9.

### C.    Epic's Third Amended Complaint.

Epic's Third Amended Complaint ("TAC") re-asserts Epic's fraud and UCL claims and "seeks damages for the serious and significant harm Epson caused to its business." TAC ¶ 6. As in its SAC, Epic alleges that Epson violated the UCL's fraudulent and unfairness prongs by misrepresenting the page yields, maintenance box yields, and CPP in Epson's Consumables List and the Impression Solutions Projections *Id.* ¶¶ 81, 88. Like before, Epic's TAC also alleges that Epic suffered a "loss or deprivation of money directly" as a result of Epson's alleged "unfair, unlawful, [and] fraudulent business acts and practices." *Id.* ¶ 91. In response to the Court's Order, Epic has removed its allegations about lost market share. Without explaining what damages it allegedly has suffered that are not monetary in nature, Epic generally alleges that monetary damages are inadequate to remedy its harms. It seeks (but pleads no facts to support its prayer for) restitution in the alternative to "an award of actual damages, punitive damages, and exemplary damages, in an amount not less than $20,000,000" for Epic's alleged economic harms. *Id.* ¶ 104; Prayer for Relief ¶ A.

## III.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual material to 'state a claim to relief that is plausible on its face.'" *Ibarra v. Pharmagenics LLC*, 660 F. Supp. 3d 914, 921 (C.D. Cal. 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Conclusory allegations" and "unwarranted inferences" are "insufficient to avoid dismissal" under Rule 12(b)(6). *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (citations omitted).

DEFENDANT'S MEMO OF POINTS & AUTHORITIES ISO MTD TAC CASE NO. 8:24-CV-00351-KK-DFM

## IV.    ARGUMENT

### A.    Epic Fails To State A UCL Claim Because It Has Not Shown It Lacks An Adequate Legal Remedy.

Although Epic now seeks restitution for its alleged economic harms, it must allege *facts* demonstrating *why* money damages—which Epic seeks for its fraud claim premised on the same factual predicate as its UCL claims—are inadequate to remedy its alleged harms. *See Smith v. United Seating and Mobility L.L.C.*, 2024 WL 4441082, at *4 (C.D. Cal. Sept. 11, 2024) ("At the pleading stage, courts 'generally require plaintiffs seeking equitable relief to allege some facts suggesting that damages are insufficient to make them whole.'"); *Gibson v. Jaguar Land Rover N.A., LLC*, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) (citing cases). This is equally true where, as here, a plaintiff seeks restitution in the alternative to legal damages. *See In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 601 F. Supp. 3d 625, 768-770 (C.D. Cal. 2022) (dismissing UCL claim seeking restitution where plaintiffs "fail[ed] to explain why money damages [were] not an adequate remedy"). This pleading requirement makes good sense because, as the Ninth Circuit has explained, "courts of equity should not act when the moving party has an adequate remedy at law." *Sonner v. Premiere Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (quoting *Mort v. U.S.*, 86 F.3d 890, 892 (9th Cir. 1996)) (cleaned up).

Recognizing that the UCL claims Epic now asserts are based entirely on the same factual predicate underlying its fraud claim, Epic makes virtually no effort to explain why legal remedies are inadequate to remedy its alleged harms. To be sure, Epic alleges that it "has no adequate legal remedy because the full extent of Plaintiff's injury does not lend itself to calculable money damages." TAC ¶ 98. But Epic offers no *facts* to support its bare allegation. Courts routinely hold that conclusory allegations like those Epic lodges here are insufficient to plead an inadequate legal remedy. *See Ibarra*, 660 F. Supp. 3d at 922 (plaintiff failed to allege inadequate remedy at law where its "complaint [was] devoid of substantive allegations showing

[its] legal claims would not provide [it] an adequate remedy"); *Dotson v. Arizona Beverages USA LLC*, 2022 WL 17886015, at *5 (C.D. Cal. June 27, 2022) (inadequate legal remedy insufficiently pled where "[p]laintiff . . . failed to offer any allegation whatsoever as to why [its] remedies at law would be inadequate given that [it] could recover the same sum of [damages] . . . in legal damages as [it] could in equitable restitution"); *Lisner v. Sparc Grp. LLC*, 2021 WL 6284158, at *8 (C.D. Cal. Dec. 29, 2021) (dismissing UCL claim because "besides conclusory statements, [p]laintiffs [did] not plead or explain why the remedies at law requested would be inadequate"); *Hanna v. Walmart Inc.*, 2020 WL 7345680, at *6 (C.D. Cal. Nov. 4, 2020) (dismissing UCL claim where plaintiff's complaint "allege[d] [plaintiff] 'lost money or property' as a result of purchasing [defendant's product], but . . . [did] not explain why no adequate remedy at law exist[ed] for that injury"); *Elizabeth M. Byrnes, Inc. v. Fountainhead Com. Cap., LLC*, 2021 WL 5507225, at *5 (C.D. Cal. Nov. 24, 2021) (no inadequate remedy where plaintiff alleged "in the alternative [] that [it] lack[ed] an adequate remedy at law," but "ma[de] no effort to allege . . . why [its] legal remedies [were] inadequate"); *In re Apple Processor Litig.*, 2023 WL 5950622, at *2 (9th Cir. Sept. 13, 2023) (affirming that plaintiffs failed to allege that they lacked an adequate remedy at law where they sought restitution but "failed to explain how the money they [sought] through restitution [was] any different than the money they [sought] as damages") (cleaned up).

*Garcia v. Williams Scotsman* provides a useful analogy. There, like here, plaintiff brought a UCL claim, and, through its various causes of action, sought both restitution and damages for the same underlying conduct. 2024 WL 3811267, at *9 (C.D. Cal. Aug. 13, 2024) ("Plaintiff is seeking equitable relief and is also asking for damages and penalties for the same Labor Code violations."). And, like Epic, plaintiff baldly alleged that it "lack[ed] an adequate remedy at law, [without] explain[ing] why." *Id.* The court held that the plaintiff's conclusory allegation failed

to establish that it lacked an adequate remedy at law and dismissed plaintiff's claim for restitution and disgorgement under the UCL. *Id.*

Because Epic has not alleged that legal remedies are inadequate to remedy its alleged economic harms, its UCL claims fail. *See Silva v. Money Network Fin., LLC*, 2024 WL 2107722, at *4 (C.D. Cal. Apr. 1, 2024) (Kato, J.) (dismissing UCL claim because plaintiffs failed to establish that they lacked an adequate remedy at law); *see also Seale v. GSK Consumer Health, Inc.*, 718 F. Supp. 3d 1208, 1226 (C.D. Cal. 2024) ("Given that the FAC only provides vague requests for restitution without more, dismissal of Plaintiff's claims insofar as they seek restitution is appropriate.").

## B. Further Amendment Would Be Futile.

Dismissal without leave to amend is appropriate where, as here, "alleg[ing] . . . other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Silva*, 2024 WL 2107722, at *9 (quoting *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010)). Epic has had multiple opportunities to amend its UCL claims. Epic's repeated failure to plead its UCL claims shows that Epic cannot allege any facts to survive a motion to dismiss.

## V. CONCLUSION

The Court should dismiss Epic's UCL claims with prejudice.


Dated: January 13, 2025

O'MELVENY & MYERS LLP

By:  */s/ Amy J. Laurendeau*
Amy J. Laurendeau

*Attorneys for Defendant*
*Epson America, Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Epson America, Inc., certifies that this brief contains 1,914 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 13, 2025

O'MELVENY & MYERS LLP

By:   /s/ *Amy J. Laurendeau*
                Amy J. Laurendeau

*Attorneys for Defendant*
*Epson America, Inc.*

DEFENDANT'S MEMO OF POINTS &
AUTHORITIES ISO MTD TAC
CASE NO. 8:24-CV-00351-KK-DFM